**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:26-cr-00119 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | |
| WESLEY MOORE, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER RESOLVING ECF NO. 20** |
| Defendant. | ) | |

Before the Court is a Motion to Dismiss Indictment filed by Defendant Wesley Moore. (ECF No. 20). Defendant asks this Court to find that the Government failed to make a prima facie showing of essential facts that he violated 18 U.S.C. § 922(g)(1). (*Id.* at PageID #61). Alternatively, Defendant asks the Court to find that § 922(g)(1) is both facially unconstitutional and unconstitutional as applied to him. (*Id.*). The Government opposes the motion, arguing that the Indictment is sufficient and existing Supreme Court and Sixth Circuit precedent mandates the denial of Defendant's constitutional arguments. (ECF No. 22, PageID #71). For the following reasons, Defendant's motion is **DENIED**.

## I. RELEVANT BACKGROUND

On March 4, 2026, a grand jury charged Defendant with one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) with forfeiture (the "Indictment") (ECF No. 1, PageID #11–12). The Indictment states:

> On or about January 14, 2026, in the Northern District of Ohio, Eastern Division, Defendant WESLEY MOORE, knowing he had previously been convicted of crimes punishable by imprisonment for a term exceeding one year, those being: Domestic Violence and Abduction, on or about September 30, 2021, in Case Number 2021CR0811, in the Stark County Court of Common Pleas; Trafficking in Cocaine and Possession of Cocaine, on or about November 16, 2010, in Case Number 2010CR1319, in the Stark

> County Court of Common Pleas; and Aggravated Robbery, on or about May 5, 2004, in Case Number 2004CR0241A in Stark County Court of Common Pleas, knowingly possessed a firearm, to wit: an Iberia Firearms Inc. (Dba, Hi-Point Firearms), .40 caliber semi-automatic pistol, serial number X773758, said firearm having been shipped and transported in interstate commerce, in violation of Title 18, United State Code, Sections 922(g)(1) and 924(a)(8).

(ECF No. 1, PageID #11).

On August 3, 2026, Defendant filed a motion to dismiss the Indictment. (ECF No. 20). The Government opposed Defendant's motion on August 14, 2026. (ECF No. 22). Defendant replied in support of his motion on August 24, 2026. (ECF No. 23).

## II. MOTION STANDARD

Defendant's motion to dismiss is governed by Federal Rule of Criminal Procedure 12(b)(3)(A)(v), which provides that a criminal defendant may move to dismiss an Indictment for the Government's "failure to state an offense." Fed. R. Civ. P. 12(b)(3)(A)(v). An indictment properly charges a criminal offense if it "first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974). The Court must take the indictment's factual allegations as true and decide only whether the indictment is "valid on its face." *Costello v. United States*, 350 U.S. 359, 363 (1956); *see United States v. Williams*, 504 U.S. 36, 54–55 (1992) (limiting pretrial review of indictments to facial challenges).

## III. DISCUSSION

### A. The Indictment

The parties dispute whether the Indictment allegations demonstrate the interstate nexus required by § 922(g)(1). Defendant argues that the Indictment allegations do not (and cannot)

demonstrate the interstate nexus requirement under § 922(g)(1) because the firearm at issue is only manufactured in Ohio. (ECF No. 20, PageID #64). The Government argues that the Indictment sufficiently describes the elements of the offense charged, fairly informs Defendant of the charges he must defend, and enables him to plead an acquittal or conviction in bar of future convictions for the same offense. (ECF No. 22, PageID #71). In reply, Defendant maintains his position that the Indictment allegations are insufficient and lack facts that satisfy the interstate nexus requirement. (ECF No. 23, PageID #83). Defendant does not contest the first or second elements; thus, the Court will focus its analysis on the third element that requires a jurisdictional nexus.

The Court agrees with the Government; the Indictment is sufficient. There are three elements that constitute a felon in possession of a firearm offense under § 922(g)(1): (1) the defendant knew he/she had a previous felony conviction, (2) the defendant knowingly possessed the firearm specified in the indictment, and (3) the firearm traveled in or affected interstate commerce. *United States v. Farrad*, 895 F.3d 859, 871 (6th Cir. 2018); *see Rehaif v. United States*, 588 U.S. 225, 231–32 (2019) (holding that the government must prove that a § 922(g)(1) defendant knew about his felon status). Factual assertions as to how the firearm traveled in or affected interstate commerce are not always necessary to provide fair notice. *United States v. Huff*, No. 3:10-cr-73, 2011 WL 2414553, at *9 (E.D. Tenn. June 10, 2011); 1 Charles Allen Wright, Arthur R. Miller *Federal Practice and Procedure* § 126 (5th ed. 2026) (explaining that although many federal statutes require a nexus to interstate commerce, "specific factual claims about how interstate commerce was affected are typically not required").

The Indictment in this case refers to the firearm at issue and states that it had been "shipped and transported in interstate commerce." (ECF No. 1, PageID #11). This is sufficient to "fairly inform[] Defendant of the charge against which he must defend, and, second, enables him to plead

an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling*, 418 U.S. at 117. The Indictment specifies how "the firearm traveled in or affected interstate commerce," by stating that it was shipped and transported in interstate commerce. (ECF No. 1, PageID #11).[1] This is further corroborated by the Report—the firearm traveled from Iberia, Ohio to Memphis, Tennessee, and finally to Hillsboro, Ohio. (ECF No. 22-1).

As stated above, "fair notice" does not necessarily require factual assertions as to how the firearm traveled in or affected interstate commerce, which undermines Defendant's position that the firearms whereabouts outside of Ohio needed to be alleged. *See United States v. Rashid*, 483 F. Supp. 3d 529, 532 (S.D. Ohio 2020) (explaining that the indictment adequately alleged elements of a § 922(g)(1) offense where "the Government alleged that the firearms and ammunition in [defendant's] possession 'were in and affecting commerce'"); *United States v. Visnich*, 109 F. Supp. 2d 757, 760 (N.D. Ohio 2000) ("The government does not need to prove anything more than mere movement of the firearms and ammunition in interstate commerce to meet its burden of proof on the jurisdictional element.").

The Court is further unpersuaded by Defendant's attempt to challenge the Indictment's jurisdictional allegations by asserting that the Hi-Point gun at issue is only manufactured in Ohio. Just because the gun was *originally* manufactured in Ohio does not mean that it cannot travel to and from Ohio after its manufacture. *See United States v. Chivers*, 478 F. Supp. 3d 623, 629 (S.D. Ohio 2020) ("The records reflected that the Hi-Point pistol, which had been manufactured in Ohio,

[1] Defendant contends that the Indictment's use of the phrase "shipped and transported" is a regurgitation of the legal element required for § 922(g) claims and does not suffice as a fact to establish the requisite interstate nexus. (ECF No. 23, PageID #82–83). While § 922(g)(1) does prohibit "any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year to *ship or transport* in interstate or foreign commerce," it is also important to note that shipping or transporting are actions that support the interstate commerce requirement. That the firearm at issue was "shipped and transported" in interstate commerce is supported by the U.S. Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives Report attached as Exhibit 1 to the Government's opposition (the "Report"). (ECF No. 22-1).

had been sold to a customer in Irvine, Kentucky, in 2008 . . . This corroborated . . . an interstate nexus, i.e., that the firearm crossed a state line before the May 24, 2017, [Ohio] traffic stop."). Thus, the Indictment allegations are sufficient to demonstrate an interstate nexus and the Indictment is not subject to dismissal under Federal Rule of Criminal Procedure 12(b)(3)(A)(v).

**B. Constitutional Challenges**

Alternatively, Defendant asserts that § 922(g)(1) is unconstitutional because it exceeds Congress's authority under the Commerce Clause. (ECF No. 20, PageID #65). Defendant's arguments rest primarily on Justice Thomas's concurrence in *United States v. Hemani*, 608 U.S. 772 (2026). (*Id.* at PageID #65–68). The Government responds that § 922(g)(1) is a valid exercise of Congress's authority under the Commerce Clause, based on United States Supreme Court and Sixth Circuit precedent. (ECF No. 22, PageID #71).[2]

The problem with Defendant's argument is that it is foreclosed by Sixth Circuit precedent. As Defendant points out, in *United States v. Chesney*, the Sixth Circuit held that § 922(g)(1) was within the scope of Congress's power under the Commerce Clause. 86 F.3d 564, 568 (6th Cir. 1996). The Sixth Circuit noted, "[c]ourts uniformly have rejected [commerce clause] facial challenges to § 922(g)(1) because § 922(g)(1) contains a jurisdictional provision that requires the government to prove that the firearm was possessed 'in or affecting commerce.'" *Id*. In a more recent decision, and citing to *Chesney*, the Sixth Circuit again found § 922(g)(1)'s requirement that a firearm must have moved in or affected interstate commerce to provide the "very jurisdictional hook necessary under the commerce clause." *United States v. Vaughn*, Case No. 23-5790, 2024 WL 4615853, at *3 (6th Cir. Oct. 30, 2024); *see also United States v. Clay*, No. 25-1515, 2026 WL 2427140, at *3 n.3 (6th Cir. Aug. 19, 2026) (explaining that *Vaughn* forecloses defendant's

[2] The Court acknowledges that Defendant seeks to preserve his facial challenge based on his belief that Sixth Circuit precedent conflicts with Supreme Court precedent. (ECF No. 20, PageID #61).

argument that § 922(g)(1) violates the Commerce Clause). The Court is thus bound by *stare decisis* to adhere to Sixth Circuit precedent on this issue. The Court finds no merit in Defendant's facial challenge to § 922(g)(1) under the Commerce Clause.

Defendant also raises a constitutional challenge under the Commerce Clause as applied to him. (ECF No. 20, PageID #68). Defendant argues that the Government cannot demonstrate that the firearm at issue was "in or affecting interstate commerce." (*Id.*). According to Defendant, the firearm was manufactured in Ohio and Defendant was also arrested in Ohio for possession of it—which Defendant considers "purely intrastate" possession. (*Id.*). Defendant takes his argument even further to contend that the Government's assertion that the firearm traveled across state lines at some point in time "fails to provide a meaningful connection between this Ohio based activity and interstate commerce[.]" (*Id.*). The Government disagrees and argues that § 922(g)(1) is constitutional as applied to Defendant. (ECF No. 22, PageID #71). Again, Defendant's argument is foreclosed by Sixth Circuit precedent.

In *Chesney*, the Sixth Circuit applied the Supreme Court's interpretation of the commerce element under 18 U.S.C. § 1202(a) to the same element of § 922(g). 86 F.3d at 572. The court relied on *Scarborough v. United States*, 431 U.S. 563, 556–67 (1977), to explain, "proof that a firearm moved in interstate commerce at any time is sufficient to meet the government's burden of proving 'the commerce or affecting commerce' element of §1202(a), the predecessor of §922(g)(1)." *Chesney*, 86 F.3d at 571.

As this Court previously noted, the Government's theory is that the firearm at issue was manufactured in Ohio, traveled to Kentucky, and then returned to Ohio. It is enough for that the Government show that Defendant "possessed a gun that previously had moved in interstate commerce." *United States v. Henry*, 429 F.3d 603, 619 (6th Cir. 2005) (quoting *Chesney*, 86 F.3d

at 572). Thus, Defendant's argument that his firearm possession was purely intrastate is unpersuasive, as it cannot withstand scrutiny under mandatory precedent. That said, Defendant's motion must be denied.

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the indictment is **DENIED.** (ECF No. 20). The Court will reset the trial schedule in this matter in a separate order.

**IT IS SO ORDERED.**

Date: September 24, 2026

**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**